FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Aug 28, 2026
OFFICE OF THE CLERK



# UNITED STATES DISTRICT COURT

for the

Western District of Arkansas

Fayetteville Division

Rui Amaral

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**-v-**

PLUS OR MINUS INC.
Patrick Kinnamon
Benson Garner

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 5:25-cv-05275
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☑ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Rui Amaral |
| Street Address | 27 High Hill Road |
| City and County | Dartmouth, Bristol County |
| State and Zip Code | MA 02747 |
| Telephone Number | (508) 971-1002 |
| E-mail Address | ruiamaralv@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | PLUS OR MINUS INC. |
| Job or Title *(if known)* | |
| Street Address | 1742 N Woodland Ave |
| City and County | Fayetteville, Washington County |
| State and Zip Code | AR 72703 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Patrick Kinnamon |
| Job or Title *(if known)* | |
| Street Address | 1742 N Woodland Ave |
| City and County | Fayetteville, Washington County |
| State and Zip Code | AR 72703 |
| Telephone Number | (214) 717-2479 |
| E-mail Address *(if known)* | patrick@truecreative.shop |

Defendant No. 3

| | |
|---|---|
| Name | Benson Garner |
| Job or Title *(if known)* | CEO |
| Street Address | 1812 Anthony Drive |
| City and County | Rogers, Benton County |
| State and Zip Code | AR 72756 |
| Telephone Number | (480) 627-9978 |
| E-mail Address *(if known)* | benson@truecreative.shop |

Defendant No. 4

| | |
|---|---|
| Name | N/A |
| Job or Title *(if known)* | N/A |
| Street Address | N/A |
| City and County | N/A |
| State and Zip Code | N/A |
| Telephone Number | N/A |
| E-mail Address *(if known)* | N/A |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question ☑ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. See Attachment A for details.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* Rui Amaral, is a citizen of the State of *(name)* Massachusetts.

b. If the plaintiff is a corporation

The plaintiff, *(name)* ____________, is incorporated under the laws of the State of *(name)* ____________, and has its principal place of business in the State of *(name)* ____________.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* ____________, is a citizen of the State of *(name)* ____________. Or is a citizen of *(foreign nation)* ____________.

b. If the defendant is a corporation

The defendant, *(name)* PLUS OR MINUS INC., is incorporated under the laws of the State of *(name)* Delaware, and has its principal place of business in the State of *(name)* Arkansas.

Or is incorporated under the laws of *(foreign nation)* ________,

and has its principal place of business in *(name)* ________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

See Attachment C

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attachment D

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attachment E

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ____________________

Signature of Plaintiff ____________________

Printed Name of Plaintiff Rui Amaral

### B. For Attorneys

Date of signing: ____________________

Signature of Attorney ____________________

Printed Name of Attorney ____________________

Bar Number ____________________

Name of Law Firm ____________________

Street Address ____________________

State and Zip Code ____________________

Telephone Number ____________________

E-mail Address ____________________

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. ________________ |
| | ) | |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | ) | |

**Attachment A – Basis for Jurisdiction: Federal Question (Section II.A)**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

This Court has federal-question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) over Plaintiff's claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., specifically:

- §§ 206 and 207 (failure to pay minimum wage and overtime compensation)
- § 215(a)(3) (retaliation)

Plaintiff was individually engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(b), because his work as an engineer regularly and recurrently involved (a) the use of interstate telephone and internet communications to order parts, software, and tools from out-of-state vendors; (b) the purchase and receipt of tools, parts, and software that had traveled in interstate commerce; and (c) the design and development of mechanical systems that were intended for incorporation into products that Plus or Minus, Inc. planned and intended to sell and ship to customers located outside the State of Arkansas.

The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's related state-law and common-law claims because they arise from the same case or controversy as the FLSA violations.

Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and Defendants reside or maintain their principal place of business in this District.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff,<br><br>v.<br><br>PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>Case No. ________________ |

---

**Attachment B – Additional Defendants Information for Section II.B.2.**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

---

- The defendant, Patrick Kinnamon, is a citizen of the State of Arkansas.
- The defendant, Benson Garner, is a citizen of the State of Arkansas.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) | |
| v. | ) | Case No. ________________ |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | ) | |

**Attachment C – The Amount in Controversy for Section II.B.3.**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

The amount in controversy exceeds $75,000, exclusive of interest and costs, as required for diversity jurisdiction under 28 U.S.C. § 1332(a). This threshold is independently satisfied by individual claims in this action, several of which, standing alone, place more than $75,000 in controversy:

Plaintiff's claim for fraudulent inducement (Count 3) seeks compensatory damages of approximately $1,590,898, consisting of the value of services Plaintiff was induced to provide for below-market and unpaid compensation, back pay, and front pay measured at the reasonable market value of his services.

Plaintiff's claim for personal injury due to employer negligence (Count 5) seeks compensatory damages of approximately $450,000 for physical injury, medical expenses, pain and suffering, and resulting emotional distress.

Plaintiff's claims for unpaid wages and below-market work (Counts 1, 3, 8, and 9) seek, depending on the measure proven, approximately $110,850 in unpaid minimum wage and overtime compensation together with an equal amount in liquidated damages, the approximately $208,950 market-rate premium, or, as an alternative measure, approximately $319,800 representing the full reasonable market value of Plaintiff's services less compensation paid.

Plaintiff's claim for retaliation (Count 2) seeks back pay of approximately $269,624 as of December 8, 2025 (with continued accrual to judgment) and front pay of approximately $260,000.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. ________________ |
| | ) | |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | ) | |

**Attachment C – The Amount in Controversy for Section II.B.3.**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

Plaintiff additionally seeks compensatory damages of approximately $30,946 for breach of fiduciary duty (Count 4), emotional-distress damages of approximately $145,000 arising from Defendants' retaliatory and fraudulent conduct (Counts 2 and 3), punitive damages on Plaintiff's fraud, fiduciary-duty, and negligence claims, costs, and prejudgment and postjudgment interest.

Because several of these claims independently exceed $75,000, and because the amount Plaintiff places in controversy in good faith plainly exceeds that threshold, the amount-in-controversy requirement for diversity jurisdiction is satisfied.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff,<br><br>v.<br><br>PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>Case No. ________________ |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

Plaintiff Rui Amaral was employed by Defendants PLUS OR MINUS INC., Patrick Kinnamon, and Benson Garner from July 13, 2022, to January 5, 2024, as an engineer at 1742 N Woodland Ave, Fayetteville, AR 72703. During most of this period, Plaintiff regularly worked approximately 80 hours per week designing, developing, and testing mechanical systems. Defendants misclassified Plaintiff as an independent contractor and required Plaintiff to work the first 40 hours each week without pay as "sweat equity" for vesting equity, while paying $25 per hour only for hours over 40.

The Internal Revenue Service determined that Plaintiff was an employee, not an independent contractor. Defendants exercised significant control over the manner and means of Plaintiff's work, set his daily tasks and hours, provided tools and equipment, paid him an hourly rate, and retained the right to terminate him at any time. Plaintiff had no opportunity for independent profit or loss, made no capital investment in the business beyond his labor, and performed work that was integral to the company's regular business operations. This misclassification and arrangement resulted in unpaid wages for all hours worked, including overtime, totaling approximately $110,850.

Defendants did not post any notices about Plaintiff's rights under federal wage laws, and Plaintiff only learned of the unlawful nature of this arrangement after termination on January 5, 2024. Defendants knew or showed reckless disregard for the fact that requiring Plaintiff to work the first 40 hours each week without pay as "sweat equity" violated the FLSA because they designed the compensation structure, controlled Plaintiff's schedule, and had previously discussed wage-related issues with Plaintiff. To the extent any limitations period would otherwise bar these claims, equitable tolling

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff,<br><br>v.<br><br>PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>Case No. ________________ |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

applies because Defendants failed to post the required notice explaining workers' rights, which prevented Plaintiff from timely asserting his claims; extraordinary circumstances, including the manipulative misclassification and inducement into the illegal arrangement without disclosure of protections, further delayed awareness, and Plaintiff pursued his rights diligently once informed. Plaintiff was not exempt from federal wage laws under any executive, administrative, or professional category, as compensation was hourly at $25 per hour with no guaranteed minimum (confirmed by the IRS SS-8 determination), primary duties were non-exempt tasks like designing and testing mechanical systems without management or discretion on significant matters, and skills were acquired through vocational training, incomplete community college coursework for graphic design, prior drafting experience, and self-taught software proficiency—not a specialized academic degree in engineering or a related field.

Defendants did not keep accurate and complete records of all hours Plaintiff worked, as required by 29 U.S.C. § 211(c).

Defendants Patrick Kinnamon and Benson Garner are individually liable as "employers" under 29 U.S.C. Section 203(d) because they exercised operational control over Plaintiff's work: they assigned Plaintiff's daily tasks, set his schedule, determined his rate of pay, provided tools and the workspace he used, and made the decision to reduce his hours and terminate his employment.

In addition to their direct liability as "employers" under 29 U.S.C. § 203(d) and their direct liability as controlling fiduciaries, Defendants Kinnamon and Garner are personally liable for the monetary obligations of PLUS OR MINUS INC. on Plaintiff's

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. ________________ |
| | ) | |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | ) | |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

claims for unpaid wages, retaliation, fraudulent inducement, and negligence, through piercing the corporate veil of PLUS OR MINUS INC., a Delaware corporation, as Defendants' alter ego. The company was undercapitalized from its formation, funded primarily through small personal loans totaling approximately $60,000 rather than adequate capital contributions sufficient to cover foreseeable obligations, including employee wages. Defendants commingled personal and corporate assets, including paying company expenses from personal accounts. Defendants failed to observe corporate formalities: no board minutes were kept during the entire period of Plaintiff's employment, no annual stockholder meetings were held, written consents were not maintained for major corporate decisions, and the company's stock ledger was incomplete and inaccurate. Defendants dominated and controlled PLUS OR MINUS INC. as their alter ego and used that control to perpetrate the fraudulent "sweat equity" arrangement described in this Complaint, to evade federal wage laws, and to deny Plaintiff lawful compensation. Respecting the corporate form would sanction fraud and produce an injustice, as the company has no meaningful assets from which Plaintiff could satisfy a judgment.

Based on the foregoing facts, Plaintiff asserts the following causes of action:

**Count 1: Unpaid Wages**
For most of the period from July 13, 2022, to January 5, 2024, Plaintiff worked approximately 80 hours per week at the Fayetteville location but received no pay for the first 40 hours each week due to the "sweat equity" requirement and misclassification as an independent contractor. Defendants agreed to pay $25 per hour for hours over 40, but in practice only paid for the first 20 hours over 40 per week at that rate, promising to

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff,<br><br>v.<br><br>PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ________________ |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

pay for the remaining hours at a later date, despite controlling Plaintiff's work and duties as an employer. This resulted in unpaid wages, including overtime, totaling approximately $110,850. Defendants did not post required notices about wage rights, and Plaintiff only learned of the issue after termination on January 5, 2024. Defendants knew or showed reckless disregard for the fact that requiring Plaintiff to work the first 40 hours each week without pay as “sweat equity” violated the FLSA because they designed the compensation structure, controlled Plaintiff’s schedule, and had previously discussed wage-related issues with Plaintiff. To the extent any limitations period would otherwise bar these claims, equitable tolling applies for the same reasons as stated above.

The FLSA claims are covered by individual coverage, as fully set forth in Attachment A.

**Count 2: Retaliation**
During his employment, Plaintiff repeatedly raised concerns that he was being underpaid and was being required to work substantial hours without pay. These ongoing concerns regarding Plaintiff's compensation and the unpaid "sweat equity" hours led Defendants to schedule a meeting for November 2023 to address Plaintiff's pay and equity.

On November 8, 2023, at a meeting called for the purpose of discussing Plaintiff's unpaid wages for hours worked, Defendants proposed a settlement offer of $45,000 via promissory note, premised on Defendants' acknowledgment that, for each week Plaintiff worked 80 hours, Defendants had underpaid him for 20 hours of work. On November 21, 2023, after receiving the draft promissory note, Plaintiff objected to Defendants'

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff,<br><br>v.<br><br>PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ________________ |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

voidability clauses tied to termination, stating the arrangement put him "back in slave status." In response to these complaints, Defendants reduced Plaintiff's hours from 80 hours per week to between 5-40 per week (15 hours per week average), and then terminated Plaintiff's employment on January 5, 2024. During the termination meeting, Plaintiff again protested the unpaid wages and exploitative working conditions on the record, and declined to sign a "Termination Certification" that would require him to certify he retained no records, correspondence, or documents belonging to the Company. Thereafter, Defendants engaged in further retaliatory conduct. On April 29, 2024, Defendant Garner sent Plaintiff a message setting out Arkansas criminal theft statutes and their associated penalties of imprisonment and fines, and conditioned Defendants' forbearance from pursuing criminal charges on Plaintiff's return of property and his execution of the Termination Certification. Plaintiff had already returned all company property in his possession on February 8, 2024. Defendants' threat of criminal prosecution — directed at conduct Plaintiff had already cured, and conditioned on Plaintiff's execution of a document requiring him to disclaim possession of the very records and correspondence relevant to his wage claims — constituted a materially adverse action that would dissuade a reasonable employee from pursuing complaints of unpaid wages, and was undertaken in retaliation for Plaintiff's protected activity.

Beginning with the pay period commencing November 20, 2023 — the first pay period for which Plaintiff received no payment following the reduction of his hours — and continuing through his termination on January 5, 2024 and thereafter, Defendants' retaliatory reduction of Plaintiff's hours and subsequent termination caused Plaintiff lost wages of $269,624 (as of December 8, 2025, accruing at $2,500 per week), and future lost wages of approximately $260,000 for two years, as Plaintiff has been unable to

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff,<br><br>v.<br><br>PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ________________ |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

secure comparable employment. These back-pay and front-pay amounts, calculated at Plaintiff's actual pay rate, are the same post-termination lost earnings sought at the higher market-rate measure under Count 3, and are pleaded as a single recovery in the alternative to Count 3; Plaintiff does not seek to recover the same lost earnings cumulatively.

Evidence includes contemporaneous communications and records of the hour reductions and termination following Plaintiff's complaints. Defendants' reduction of Plaintiff's hours and subsequent termination were willful and directly caused by Plaintiff's complaints about unpaid wages, as evidenced by the close temporal proximity and contemporaneous communications. To the extent any limitations period would otherwise bar these claims, equitable tolling applies for the same reasons as in Count 1.

Defendants' retaliatory conduct, including the reduction of Plaintiff's pay, the termination of Plaintiff's employment, and the post-termination threats of criminal prosecution, caused Plaintiff severe emotional distress arising from the loss of his livelihood and income and from the discovery that he had been deceived and exploited. This distress, which worsened a pre-existing condition, required psychiatric treatment, has continued to the present, and has materially impaired Plaintiff's work, sleep, relationships, eating, and ability to seek new employment. Plaintiff seeks emotional-distress damages caused by the retaliation in an amount to be determined upon adjudication, presently estimated at approximately $145,000. These emotional-distress damages are the same distress alleged in Count 3 and are pleaded as a single recovery in the alternative to Count 3. This distress is separate and distinct from the injury-related emotional distress alleged in Count 5.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff,<br><br>v.<br><br>PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ________________ |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

The FLSA claims are covered by individual coverage, as fully set forth in Attachment A.

**Count 3: Fraudulent Inducement**
On or about June 30, 2022, Defendant Patrick Kinnamon recorded a video in which he personally referred to Plaintiff as “co-founder” and explained the “sweat equity” arrangement to Plaintiff. Defendants Kinnamon and Garner thereafter repeatedly reiterated this title and arrangement through verbal discussions and text communications. In explaining and promoting the arrangement, Defendants Kinnamon and Garner failed to disclose that the compensation arrangement was unlawful and required Plaintiff to work substantial hours for less than the compensation to which he was lawfully and reasonably entitled. By labeling Plaintiff a “co-founder,” Defendants Kinnamon and Garner created the false impression that Plaintiff held a legitimate ownership position with meaningful equity and authority in the company, when in reality Plaintiff’s role involved no management responsibilities and only minimal equity (9.17% if fully vested over four years, with actual vested equity at the time of termination substantially lower). These representations and omissions were material because they directly influenced Plaintiff’s decision to accept the position and agree to the below-market compensation structure.

As controlling persons of the company who designed the "sweat equity" arrangement, actively solicited Plaintiff to participate in it, and possessed superior knowledge of its terms and legality, Defendants Kinnamon and Garner had a duty to disclose that the "sweat equity" arrangement was unlawful and deprived Plaintiff of compensation to which he was lawfully and reasonably entitled. Both Defendants hold business

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) | |
| v. | ) | Case No. ________________ |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | ) | |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

management degrees, had prior experience structuring compensation arrangements, and used professional corporate formation tools (Clerky.com) to establish the company's legal documents, yet failed to consult legal counsel regarding the lawfulness of the arrangement or to post the required FLSA workplace notices.

Defendants Kinnamon and Garner acted with the specific intent to deceive Plaintiff, and if not with such intent, then with reckless disregard for the truth or falsity of their representations and for the unlawfulness of the arrangement.

Plaintiff justifiably relied on Defendants Kinnamon and Garner’s affirmative misrepresentations — including the "co-founder" characterization and the false impression of a legitimate ownership position with meaningful equity and authority — and on their omissions, because Plaintiff had no prior experience with startup equity structures, had no legal training, and had no independent means of knowing the true nature of the arrangement. Defendants Kinnamon and Garner held themselves out as experienced business professionals who were knowledgeable about how to structure proper compensation agreements. In reliance on these representations, Plaintiff accepted the position at a rate of $25 per hour — well below the $60 per hour reasonable market value for the services Plaintiff performed, including computer-aided design, mechanical drafting, CNC programming, and prototyping — thereby agreeing to work the first 40 hours each week without pay as "sweat equity."

As a direct and proximate result of Defendants' fraudulent conduct, Plaintiff suffered damages of approximately $1,590,898, consisting of (i) the value of the services Plaintiff was fraudulently induced to provide for below-market and unpaid compensation,

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) | |
| v. | ) | Case No. ________________ |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | ) | |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

measured by the reasonable market value of the services Plaintiff rendered (2,610 regular hours and 2,240 overtime hours at $60 per hour, with overtime at $90 per hour, totaling $358,200) less the $38,400 in hourly wages actually paid for those hours, in the amount of approximately $319,800; (ii) back pay measured at the reasonable market value of Plaintiff's services, in the amount of approximately $647,098 as of December 8, 2025, plus accrual to the date of judgment at $6,000 per week; and (iii) front pay measured at the reasonable market value of Plaintiff's services, in the amount of approximately $624,000.

But for Defendants' fraud, Plaintiff would not have performed his services for below-market and unpaid compensation, and would not have suffered the loss of market-rate earnings following his termination.

The component described in (i) compensates the same value of services addressed by Plaintiff's claims for unpaid wages (Counts 1 and 8) and unjust enrichment (Count 9), and the back-pay and front-pay components in (ii) and (iii) compensate the same post-termination lost earnings addressed by Plaintiff's retaliation claim (Count 2), in each case measured at the market-rate standard applicable to fraud rather than the lower rate pleaded under those other counts. Plaintiff is entitled to recover the greatest measure of these overlapping damages proven under any count, and does not seek to recover the same value or the same lost earnings cumulatively under more than one count.

Defendants' fraudulent conduct also caused Plaintiff emotional distress, including anxiety and depression resulting from the discovery, within days of his termination, that Plaintiff had been induced to accept below-market pay and to work without lawful

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff,<br><br>v.<br><br>PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>Case No. ________________ |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

compensation based on false representations. This is the same continuing course of emotional distress alleged in Count 2. Plaintiff seeks emotional-distress damages caused by the fraudulent inducement, in an amount to be determined upon adjudication, presently estimated at approximately $145,000, pleaded as a single recovery in the alternative to Count 2. This distress is separate and distinct from the injury-related emotional distress alleged in Count 5.

**Count 4: Breach of Fiduciary Duty**
This is a direct claim by Plaintiff, as a minority stockholder, against Defendants Kinnamon and Garner as controlling stockholders, officers, and directors of the Company. It is not a derivative claim and does not seek recovery for harm suffered by the corporation generally. The claim is governed by Delaware law under the internal-affairs doctrine, as PLUS OR MINUS INC. is a Delaware corporation.

Defendants Patrick Kinnamon and Benson Garner, as directors, officers, and controlling shareholders of PLUS OR MINUS INC., owed Plaintiff fiduciary duties of loyalty and good faith as a minority shareholder holding a vested equity interest. Plaintiff held less than a 20% interest and had no control over the Company. Defendants dominated the Company's decisions, its books and records, and the issuance and repurchase of its stock, while Plaintiff held a non-controlling minority position and had no such power.

Defendants breached the fiduciary duties owed directly to Plaintiff as a minority shareholder by exercising their control over the Company to impose and maintain the unlawful compensation structure on Plaintiff while retaining full discretion over whether and when any equity would vest or be repurchased, and by exercising the

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) | |
| v. | ) | Case No. ________________ |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | ) | |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

share-repurchase mechanism upon termination in a manner that expropriated value from Plaintiff's equity for Defendants' benefit.

These breaches constituted oppression of Plaintiff's minority interest and involved self-dealing and bad faith. As a direct and proximate result, Plaintiff suffered injury distinct from any harm to the corporation generally, namely the expropriation of his individual equity interest through the repurchase of his unvested shares. Plaintiff incurred damages in an amount to be determined upon adjudication, presently estimated at $30,946, representing the value of the 515,643 unvested shares that were repurchased and expropriated by Defendants upon termination.

**Count 5: Personal Injury Due to Employer Negligence**
Plaintiff was an employee of Plus or Minus Inc. At no time during Plaintiff's employment did Defendants carry or maintain workers' compensation insurance covering Plaintiff. Because no workers' compensation coverage existed, the exclusive-remedy provisions of the Arkansas Workers' Compensation Act do not bar this action, and Plaintiff is entitled to pursue a common-law negligence claim against Defendants for his workplace injury.

As Plaintiff's employer, Defendants owed Plaintiff a duty to exercise reasonable care to provide a reasonably safe workplace, including the duty to provide proper personal protective equipment, adequate training, and appropriate safety protocols for the mechanical engineering tasks Plaintiff was required to perform. From July 13, 2022 to January 5, 2024, at the Fayetteville location, Defendants breached that duty by failing to

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) )<br>) | |
| v. | ) | Case No. ________________ |
| | ) | |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>) | |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

provide proper personal protective equipment, training, or safety protocols.

Defendants' negligence directly and proximately caused Plaintiff physical injury on December 22, 2023, including lacerations requiring stitches, permanent partial loss of function, nerve damage, scarring, and ongoing pain. This injury has also caused Plaintiff ongoing injury-specific emotional distress, including fear and anxiety around similar tools, depression over the permanent limitation of hand function and its effect on activities including playing guitar, and sleep disruption from nerve pain. As a direct and proximate result, Plaintiff incurred damages in an amount to be determined upon adjudication, presently estimated at approximately $450,000, consisting of approximately $200,000 for physical injuries, medical expenses, and pain and suffering, and approximately $250,000 for resulting emotional distress.

**Count 6: Declaratory Judgment that the Unlawful Compensation Term Is Unenforceable (28 U.S.C. §§ 2201–2202)**
An actual controversy exists regarding the enforceability of the specific term of the parties’ compensation arrangement requiring Plaintiff to work the first 40 hours of each week without pay as “sweat equity,” and the related misclassification of Plaintiff as an independent contractor.

Plaintiff seeks a declaration that this specific compensation term is unenforceable and void. Plaintiff does not seek to declare the parties' compensation arrangement null and void in its entirety.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. ________________ |
| | ) | |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | ) | |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

**Count 7: Rescission of the IP Assignments for Fraudulent Inducement (Pleaded in the Alternative)**
This Count is pleaded in the alternative to Plaintiff's claims for monetary damages, pursuant to Federal Rule of Civil Procedure 8(d)(2)–(3). Plaintiff may be required to elect between rescission and damages before judgment and does not seek a double recovery.

During his engagement, Plaintiff assigned intellectual property he developed to the Company through one or more agreements or instruments. Plaintiff executed the IP assignment provisions in these agreements or instruments in reliance on Defendants' material misrepresentations and omissions concerning his status and the lawfulness of his compensation, as alleged in Count 3. But for that fraudulent inducement, Plaintiff would not have executed those IP assignment provisions.

Plaintiff therefore seeks rescission of the provisions in any agreements or instruments that assigned his intellectual property to the Company, and restoration of his right, title, and interest in the assigned intellectual property.

**Count 8: Violation of the Arkansas Minimum Wage Act (Pleaded in Addition to and in the Alternative to Counts 1 and 2)**
This Count is pleaded in addition to Plaintiff's claims under the Fair Labor Standards Act to the extent the Arkansas Minimum Wage Act affords relief the federal claims do not, and otherwise in the alternative; Plaintiff does not seek double recovery of the same unpaid wages.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. ________________ |
| | ) | |
| PLUS OR MINUS INC., | ) | |
| PATRICK KINNAMON, and | ) | |
| BENSON GARNER, | ) | |
| Defendants. | ) | |

---

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

---

At all relevant times, PLUS OR MINUS INC. employed the number of employees required for coverage under the Arkansas Minimum Wage Act, Ark. Code Ann. §§ 11-4-201 et seq., including Plaintiff and other individuals who performed regular services for the Company, and was therefore an employer subject to the Act. Plaintiff was a covered employee. The same conduct alleged above — requiring Plaintiff to work without pay, failing to pay minimum wage and overtime, and misclassifying Plaintiff — violated the Act. Defendants' violation was willful.

This unlawful conduct deprived Plaintiff of the same unpaid wages, including overtime, of approximately $110,850 alleged above, which Plaintiff is entitled to recover under the Arkansas Minimum Wage Act.

**Count 9: Unjust Enrichment / Quantum Meruit (Pleaded in the Alternative)**
This Count is pleaded in the alternative to Plaintiff's claims for unpaid wages (Counts 1 and 8) and for the value of services sought as fraud damages (Count 3), pursuant to Federal Rule of Civil Procedure 8(d)(2)–(3). It is asserted to the extent that the parties' compensation arrangement does not enforceably govern the compensation owed for Plaintiff's services — because the "first-40-hours-unpaid" term is unenforceable or void as alleged in Count 6, because that term was unlawful, or because the equity consideration Plaintiff was promised failed. To the extent an enforceable agreement is found not to govern that compensation, Plaintiff is entitled to recover in restitution the reasonable value of the services he conferred.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) | |
| v. | ) | Case No. ________________ |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | ) | |

**Attachment D – Statement of Claim**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

Throughout his engagement, Plaintiff conferred substantial benefits on Defendants by performing services — including designing, developing, and testing mechanical systems integral to the Company's business — that had a reasonable market value of approximately $60 per hour for all hours worked, with overtime hours valued at one and one-half times that rate. Defendants knew of and accepted these services and retained their benefit.

Plaintiff was compensated far below that reasonable value. He received no cash compensation for the first 40 hours of each week, and only $25 per hour for additional hours. Plaintiff accepted this below-market compensation in reliance on the promise of meaningful vesting equity, which was represented as making up the difference between his cash pay and the value of his services. That equity consideration largely failed, as the equity was substantially unvested and was repurchased by Defendants at nominal value upon Plaintiff's termination.

Under these circumstances, it would be inequitable for Defendants to retain the value of the services Plaintiff conferred while compensating him far below their reasonable value. Plaintiff is therefore entitled to recover in restitution the reasonable value of his services, less the hourly wages paid, in the amount of approximately $319,800 as set forth above. This recovery is the same value of services sought under Counts 1, 3, and 8; Plaintiff is entitled to recover under whichever count is proven and does not seek to recover the same value cumulatively under more than one count.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff,<br><br>v.<br><br>PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>Case No. ________________ |

---

**Attachment E – Prayer for Relief**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

---

Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief. Plaintiff seeks the greatest total recovery permitted by law and does not seek to recover the same harm more than once, except to the extent the law permits a statutory penalty in addition to compensatory damages. Where the relief requested below states alternative measures of recovery, Plaintiff requests whichever measure, or permissible combination of measures, yields the greatest recovery the Court determines is allowed.

**A. Compensation for the Value of Plaintiff's Unpaid and Below-Market Work**

Plaintiff's unpaid and below-market work may be compensated under either of the following alternative measures, and Plaintiff requests whichever yields the greater total recovery the Court determines is permitted:

*Measure One (statutory wages, liquidated damages, and fraud premium):*

1. The unpaid minimum wage and overtime compensation owed to Plaintiff, in the amount of approximately $110,850, under the Fair Labor Standards Act (Count 1) and/or the Arkansas Minimum Wage Act (Count 8);
2. An additional equal amount as liquidated damages on the unpaid wages described in paragraph 1 — that is, approximately $110,850 — under 29 U.S.C. § 216(b) and/or Ark. Code Ann. § 11-4-218 for Defendants' willful violations; this liquidated-damages remedy applies only to the statutory unpaid-wage recovery in paragraph 1 and not to any other measure of recovery;

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. ________________ |
| | ) | |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | ) | |

**Attachment E – Prayer for Relief**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

3. To the extent permitted in addition to the statutory recovery in paragraphs 1 and 2, the market-rate premium representing the difference between the reasonable market value of Plaintiff's services and the statutory wage rate, in the amount of approximately $208,950, as fraud damages (Count 3);

*Measure Two (full market value of services):*

4. In the alternative to paragraphs 1 through 3, the reasonable market value of the services Plaintiff was fraudulently induced to provide, less the compensation actually paid, in the amount of approximately $319,800, as fraud damages (Count 3) or in restitution (Count 9);

**B. Post-Termination Lost Earnings**

Plaintiff's post-termination lost earnings may be measured at his actual pay rate (Count 2) or at the reasonable market value of his services (Count 3), and Plaintiff requests whichever measure is greater, as follows:

5. Back pay for earnings lost as a result of Plaintiff's retaliatory termination, in the amount of approximately $269,624 as of December 8, 2025, with continued accrual at $2,500 per week to the date of judgment, at Plaintiff's actual pay rate under Count 2, or approximately $647,098 as of December 8, 2025, with continued accrual at $6,000 per week to the date of judgment, at the reasonable market value of Plaintiff's services under Count 3, whichever is greater;
6. Front pay for future earnings Plaintiff is reasonably likely to lose, in the amount of approximately $260,000 at Plaintiff's actual pay rate under Count 2, or

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff,<br><br>v.<br><br>PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>Case No. _______________ |

**Attachment E – Prayer for Relief**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

approximately $624,000 at the reasonable market value of Plaintiff's services under Count 3, whichever is greater;

### C. Emotional-Distress Damages

7. Compensatory damages for the emotional distress Plaintiff suffered as a result of Defendants' retaliatory and fraudulent conduct, in an amount to be determined upon adjudication, presently estimated at approximately $145,000, recoverable under Count 2 or Count 3 as a single recovery and not cumulative; this distress is separate and distinct from the injury-related emotional distress sought under Count 5, and Plaintiff seeks both;

### D. Breach of Fiduciary Duty

8. Compensatory damages under Count 4 for the expropriation of Plaintiff's minority equity interest through the repurchase of his unvested shares, in an amount to be determined upon adjudication, presently estimated at approximately $30,946 (representing the 515,643 unvested shares repurchased and expropriated by Defendants upon termination);

### E. Personal Injury

9. Compensatory damages under Count 5 for the workplace injury Defendants' negligence caused, in an amount to be determined upon adjudication, presently estimated as follows:
(a) approximately $200,000 for Plaintiff's physical injury, medical expenses, and pain and suffering; and

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. ________________ |
| | ) | |
| PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | ) | |

---

**Attachment E – Prayer for Relief**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

---

(b) approximately $250,000 for the injury-related emotional distress Plaintiff suffered as a result of that injury;

**F. Punitive Damages, Interest, Costs, and Fees**

10. Punitive damages in an amount to be determined upon adjudication, for Defendants' willful, malicious, and outrageous conduct underlying Plaintiff's claims for fraudulent inducement (Count 3), breach of fiduciary duty (Count 4), and negligence (Count 5);
11. Prejudgment interest on Plaintiff's damages at the applicable statutory rates, and postjudgment interest on all monetary awards under 28 U.S.C. § 1961;
12. Plaintiff's costs of this action, and any attorney's fee recoverable under 29 U.S.C. § 216(b), Ark. Code Ann. § 11-4-218, or other applicable law;

**G. Declaratory and Equitable Relief**

13. A declaration, under 28 U.S.C. §§ 2201–2202, that the "first-40-hours-unpaid" compensation term and the related misclassification of Plaintiff as an independent contractor are unenforceable and void (Count 6), provided that Plaintiff does not seek and the Court does not declare the parties' compensation arrangement or any related agreement void in its entirety;
14. In the alternative to Plaintiff's claims for monetary damages, rescission of the provisions in any agreements or instruments that assigned Plaintiff's intellectual property to the Company, and restoration of Plaintiff's right, title, and interest in that intellectual property (Count 7);

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| RUI AMARAL,<br>Plaintiff,<br><br>v.<br><br>PLUS OR MINUS INC.,<br>PATRICK KINNAMON, and<br>BENSON GARNER,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ________________ |

---

**Attachment E – Prayer for Relief**
**(Continuation of Pro Se Complaint filed by Rui Amaral)**

---

**H. Other Relief**

15. Such other and further relief as the Court deems just and proper.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, the foregoing document was filed with the Clerk of Court. Upon filing, the Clerk will upload the document into the Court's CM/ECF system and automatically generate a Notice of Electronic Filing (NEF) that will be sent to Defendants' counsel of record via the Court's CM/ECF system. This constitutes complete service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and the Court's local procedures.

/s/ Rui Amaral

Rui Amaral