**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

| | | |
|---|---|---|
| **RUI AMARAL** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 5:25-cv-05275** |
| | ) | |
| **PLUS OR MINUS, INC.,** | ) | |
| **PATRICK KINNAMON, and** | ) | **JURY TRIAL DEMANDED** |
| **BENSON GARNER,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| **PLUS OR MINUS, INC.,** | ) | |
| | ) | |
| **Counterclaimant** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RUI AMARAL** | ) | |
| | ) | |
| **Counterclaim Defendant,** | ) | |

**ANSWER TO THIRD AMENDED COMPLAINT**

Come now the Defendants, Plus or Minus, Inc., Patrick Kinnamon, and Benson Garner (collectively "Defendants", unless referred to otherwise), and for their Answer to the Third Amended Complaint filed by Plaintiff Rui Amaral ("Plaintiff"), state and deny as follows:

**I. The Parties to the Third Amended Complaint**

Defendants are without sufficient information to either admit or deny information set forth in Section I of the Third Amended Complaint with respect to the Plaintiff. Defendants admit the remaining information contained in Section I.

**II. Basis for Jurisdiction**

With respect to the allegations set forth in Section II and Attachment C to the Third Amended Complaint, Defendants deny that this Court has jurisdiction as there is not a federal question present in this action. Plaintiff fails to have a basis in which to assert a claim under the Fair Labor Standards Act. With respect to whether this Court has jurisdiction based on diversity of citizenship, Defendants currently lack sufficient information to either admit or deny the residency of the Plaintiff or the amount in controversy, and therefore, at this time, Defendants deny the Court has jurisdiction based upon the diversity of citizenship. Furthermore, Defendants deny the allegations regarding the amount in controversy. Defendants further deny that the Court has supplemental jurisdiction over any of Plaintiff's claims. Finally, Defendants admit that if this Court does have jurisdiction, venue is proper in this District as this is where Defendants reside or maintain their principal place of business. Unless specifically admitted herein, Defendants deny allegations contained in Section II and Attachment C to the Third Amended Complaint. Defendants further deny any liability to Plaintiff on any of the claims or theories asserted in his Third Amended Complaint. Defendants further denied that Plaintiff has stated a claim against any of Defendants, and they deny that Plaintiff has incurred any losses or damages.

**III. Statement of Claim**

With respect to the allegations contained in Section III and Attachment D to the Third Amended Complaint, Defendants admit that in his role as a part-owner of Defendant Plus or Minus, Inc., Plaintiff performed certain services for the company, as did the other owners in this start-up business. Defendants deny that Plaintiff was an employee of Defendant Plus or Minus, Inc., and therefore they deny that Plaintiff is entitled to any "unpaid" wages or any other damages. Defendants deny any and all other allegations contained in Attachment D to the Third Amended

Complaint that are not specifically admitted herein. Defendants deny all liability on all Counts contained in Attachment D. Defendants further deny any liability to Plaintiff on any of the claims or theories asserted in his Third Amended Complaint. Defendants further denied that Plaintiff has stated a claim against any of Defendants, and they deny that Plaintiff has incurred any losses or damages. Accordingly, Defendants hereby move to dismiss the Third Amended Complaint.

**IV. Relief**

Defendants deny the allegations contained in Section IV and Attachment E to the Third Amended Complaint. Defendants further deny that Plaintiff is entitled to any relief herein, where specifically sought in the Third Amended Complaint or otherwise.

Unless specifically admitted herein, Defendants deny any and all allegations contained in Plaintiff's Third Amended Complaint.

**V. Affirmative Defenses**

Defendants plead the following affirmative defenses:

1. Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted. Therefore, it should be dismissed.

2. The Plaintiff is not an employee as defined under the Fair Labor Standards Act and is therefore not entitled to minimum wages.

3. Some or all of the Plaintiff's alleged time is not compensable time under the Fair Labor Standards Act, assuming such Act applies.

4. Plaintiff's state law claims are pre-empted by applicable federal law.

5. Plaintiff has no actual damages.

6. Plaintiff's claims are barred in whole or in part to the extent that the work he performed falls within exemptions or exceptions provided under the Fair Labor Standards Act, assuming such Act applies.

7. Plaintiff's claims against Defendants are barred to the extent that Plaintiff has no employment relationship with any of Defendants.

8. The compensation system of Defendant Plus or Minus, Inc. satisfies all requirements and standards established by applicable laws and regulations and such compensation system was properly applied to the compensation received by Plaintiff.

9. The actions of Plus or Minus, Inc. were in good faith and in conformity with and in reliance on the applicable statutes and the administrative regulations, orders, rulings, approvals, interpretations, and/or administrative practices or enforcement policies of the Wage and Hour Division of the Department of Labor.

10. Defendant Plus or Minus, Inc. did not willfully violate the Fair Labor Standards Act or any other applicable law.

11. Plaintiff's claims for liquidated damages under the Fair Labor Standards Act fail because Plus or Minus, Inc. acted in good faith and had reasonable grounds for believing that its alleged acts or omissions were not a violation of the Fair Labor Standards Act.

12. Plaintiff's claims are barred in whole or in part by the doctrines of release, waiver, deduction, setoff, and estoppel.

13. Plaintiff's damages, if any, resulted in whole or in part from his own actions, inaction, conduct, or performance.

14. Plaintiff's damages, if any, are barred in whole or in part by his failure to mitigate his damages.

15. Plaintiff's damages, if any, are limited or capped as defined in the Fair Labor Standards Act.

16. Certain of Plaintiff's claims are barred by assumption of the risk and/or contributory negligence.

17. Plaintiff's claims are barred by payment.

18. Certain of Plaintiff's claims are barred by res judicata.

19. Certain of Plaintiff's claims are barred by waiver.

Defendants reserve the right to assert any additional affirmative defenses which may come to their attention during the course of these proceedings.

**V. Demand for Jury Trial**

Defendants hereby demand a trial by jury.

WHEREFORE, Defendants, Plus or Minus, Inc., Patrick Kinnamon, and Benson Garner, respectfully request the Court deny and dismiss the Third Amended Complaint filed by the Plaintiff herein; and for their costs and attorney's fees incurred herein, and for all other relief to which the Defendants may be entitled to receive.

Respectfully Submitted,

**PLUS OR MINUS, INC.,**
**PATRICK KINNAMON, AND**
**BENSON GARNER,**
Defendants

Todd P. Lewis
Todd P. Lewis
Ark. Bar # 96226
SPENCER FANE LLP
4375 N. Vantage Dr., Suite 405
Fayetteville, AR 72703
Telephone: (479) 582-5711
Facsimile: (479) 587-1426
Email: TLewis@spencerfane.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 3, 2026, upon electronically filing the foregoing documents, a copy of the same was served on all counsel of record via the Court's ECF system and email to:

Rui Amaral
ruiamaralv@gmail.com

Todd P. Lewis
Todd P. Lewis