**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**RUI AMARAL** **PLAINTIFF**

**V.** **CASE NO. 5:25-CV-05275**

**PLUS OR MINUS, INC.; PATRICK KINNAMON**
**and BENSON GARNER** **DEFENDANTS**

**OPINION AND ORDER**

Now before the Court are Plaintiff Rui Amaral's Motions for Entry of Modified Protective Order (Doc. 45) and to Compel Document Production (Doc. 53), which Defendants Plus or Minus, Inc., Patrick Kinnamon, and Benson Garner oppose.[1] For the reasons stated below, the Motions are **DENIED**.

This action was filed in this Court on December 30, 2025, by Plaintiff Rui Amaral. Mr. Amaral's Third Amended Complaint (Doc. 63) asserts claims of unpaid wages and retaliation under the Fair Labor Standards Act ("FLSA"), as well as state law causes of action for fraudulent inducement, breach of fiduciary duty, negligence, and unjust enrichment. Plus or Minus filed a Counterclaim (Doc. 29), asserting claims of breach of contract, unjust enrichment, and breach of fiduciary duties against Mr. Amaral.

In his first motion, Mr. Amaral seeks a protective order to preclude Defendants from taking his oral deposition. Mr. Amaral claims that due to the nature of his underlying claims and because he is an unsophisticated *pro se* litigant, Defendants should be limited to a deposition on written questions. In the alternative, Mr. Amaral requests that he be allowed to take his deposition remotely

[1] The Court has also reviewed Plaintiff's Notice of Defendants' Refusal to Comply with Joint Rule 26(f) Report (Doc. 44) and Defendants' Response (Doc. 50), the parties' various briefs in support or opposition (Docs. 51, 52, 54, 56, 57), and attached documents.

and asks the Court to impose several conditions to govern the method and manner by which it is taken. In his second motion, Mr. Amaral contends that Defendants have failed to produce the initial disclosures required by Rule 26 of the Federal Rules of Civil Procedure.

"A district court has very wide discretion in handling pretrial discovery" matters. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015) (citing *United States ex rel. Kraxberger v. Kan. City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014)). Generally, "parties may obtain discovery . . . that is relevant . . . and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality is weighed by considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* This rule contemplates a liberal scope of discovery, though this Court has considerable discretion to determine the need for, and form of, discovery—including "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

A party generally, with certain exceptions, may depose any person without leave from the Court. Fed. R. Civ. P. 30(a)(1); *but see* Fed. R. Civ. P. 30(a)(2) (exceptions when leave is required). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party or person seeking a protective order bears the burden "to demonstrate good cause for the issuance of the order and that his claim of harm must be based on more than stereotypical or conclusory statements." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999) (citing *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204,

1212 (8th Cir. 1973)). "While preventing embarrassment may be a factor satisfying the 'good cause' standard, an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious." *Id.* (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3rd Cir. 1994)). In determining whether good cause has been shown, the court "must also include a consideration of the relative hardship to the non-moving party should the protective order be granted. *Gen. Dynamics Corp.*, 481 F.2d at 1212 (citing *United States v. Kordel*, 397 U.S. 1, 4–5 (1970)).

The Court finds that Plaintiff has not met his burden of showing good cause for a protective order precluding taking his oral deposition. The use of oral depositions is often crucial to an attorney's assessment of the opposing party's case and to preparation for a trial. That is particularly true when, as here, the key issues involve a fairly tangled set of facts that are not susceptible to proof by documentation, and there are potentially significant questions of credibility. Likewise, depositions on written questions are a generally inadequate substitute for an oral deposition since there is no meaningful possibility of follow-up questioning and the inquiring party is denied any opportunity to assess the demeanor, and thus the credibility, of the witness in responding to specific questions.

Although Mr. Amaral suggests that he may not know which questions are improper and should be objected to, to the extent that Mr. Amaral has any reservations to the propriety of a question, he may note his objection on the record at the deposition—but nevertheless must answer the question and allow the deposition to proceed. A deponent is obligated to answer all questions unless the question pertains to privileged information or is subject to court-ordered limitation. *See* Fed. R. Civ. P. 30(d)(3). If a self-represented party believes that a question is improper for any reason, they may note their objection on the record at the deposition but nevertheless must answer

the question and allow the deposition to proceed. Rule 30 makes clear that a deponent (or, if the deponent is represented, their lawyer) may not unilaterally decide the scope of the questioning in a deposition. *See* Fed. R. Civ. P. 30(c)(2) (stating that objections are to be "noted on the record, but the examination still proceeds; the testimony is taken subject to any objection.").

Furthermore, the Court declines to order strict compliance with Mr. Amaral's alternative request for certain conditions to be imposed on the method and manner of his oral deposition. Several of Mr. Amaral's requests—the ability to reference documents and take breaks during the deposition—can be addressed in good faith by the parties without court intervention, and the duration limit set forth in Rule 30(d)(1) need not be affirmatively imposed at this time. Likewise, this Court is hard-pressed to require Defendants to provide Mr. Amaral with a list of the topics to be covered in advance of his deposition. "A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery." *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000). The Court is not required to disadvantage an opposing party during discovery simply due to a litigant's pro se status.

Finally, Mr. Amaral requests that his deposition be conducted remotely by video conference. The request for Mr. Amaral's deposition to be taken by remote means comes after a previous request to appear remotely at all future proceedings, *see* Doc. 13, which this Court denied. In selecting the forum, Mr. Amaral has consented to participation in legal proceedings in this district, and the Court finds no sound basis or legitimate need for an order mandating remote depositions on the record before it. Therefore, the prejudice to Defendants would far outweigh any harm to Mr. Amaral from subjecting himself to the deposition process. Accordingly, Mr. Amaral's Motion for a Protective Order (Doc. 45) is **DENIED**.

Lastly, the Court disagrees with Mr. Amaral in his contention that Defendants' initial disclosures are materially deficient. In his motion to compel, Mr. Amaral takes issue with the format of certain documents produced by Defendants and asserts that the disclosures are incomplete. At this stage of the litigation, Mr. Amaral's motion is premature. Mr. Amaral's concerns with the format of ESI can—and should—be addressed through good faith conferral with opposing counsel as discovery progresses. Similarly, Defendants assert that they intend to supplement their initial disclosures with other documentation once a protective order has been entered in this action. (Doc. 56, p. 3). Therefore, Mr. Amaral's Motion to Compel (Doc. 53) is **DENIED**.

**IT IS SO ORDERED** on this 18th day of November, 2026.

/s/ David Clay Fowlkes
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE